IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | CV-02-B-2628-S |
| ) | |
| v. ) | COMPLAINT |
| ) | JURY TRIAL DEMAND |
| KRAFT FOODS NORTH AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

### NATURE OF THE ACTION

1.  This is an action brought under Title VII of the Civil Rights Act of 1964, as amended, to correct unlawful employment practices on the basis of sex (male), and retaliation and to provide appropriate relief to Victor T. Bates, Jimmy L. Cains, Matthew Crane, Thomas E. Engle, James Lenyard, Stephen D. Ratlif, John Reese, Stanley E. Sigers, John Steve, Oliver W. Taylor, Dedric V. Travis, Jessie D. Wilkerson, Dexter T. Williams, as well as all similarly situated male employees who worked for Defendant or its predecessor primarily as route drivers or warehouse workers (hereinafter collectively referred to as the "class"). As alleged with more particularity in paragraphs 11 through 34 below, the Defendant, through its officers, managers, and/or agents engaged in a pattern or practice of sexual harassment and retaliation and subjected individual members of the class to a sexually hostile environment and/or sexual harassment from at least 1995 through the present. Defendant Kraft tolerated this ongoing sexually hostile environment. Certain members of the class were also subjected to retaliation and further harassment after they complained of this hostile and harassing conduct or opposed this hostile and harassing environment.

1

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 706(f)(1) and (3), and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6, ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

3. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

4. The Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by §§ 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

5. Defendant, Kraft Foods North America, Inc., (the "Employer" or "Kraft") is the successor to Nabisco, Inc. ("Nabisco). Nabisco was acquired by Kraft Foods, Inc., on December 11, 2000. Kraft Foods, Inc., changed its name to Kraft Foods North America, Inc., in 2001 and in that same year Nabisco, was merged into Kraft Foods North America, Inc.

6. Defendant Kraft, either independently or as successor to Nabisco, has continuously been a Delaware corporation doing business in the State of Alabama, and has continuously had at least fifteen employees. Defendant Kraft is a successor in liability to Nabisco.

7. At all relevant times, the Defendant Employer (either as Kraft or as Nabisco) has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## JURISDICTIONAL PREREQUISITES TO SUIT

8. More than thirty days prior to the institution of this lawsuit one or more charges of discrimination were filed with the Commission against the Defendant Employer by Victor T. Bates, Jimmy L. Cains, Matthew Crane, Thomas E. Engle, James Lenyard, Stephen D. Ratliff, John Reese, Stanley E. Sigers, John Steve, Oliver W. Taylor, Dedric V. Travis, Jessie D. Wilkerson, and Dexter T. Williams, alleging violations of Title VII by the Defendant Employer.

9. The Commission conducted an investigation of each of these charges and issued a Determination or Amended Determination on these charges in which the Commission concluded that Defendant had discriminated against the class in violation of Title VII.

10. From at least October 4, 2001, through at least June 22, 2002, the Commission engaged in good faith efforts to eliminate the alleged unlawful employment practices identified in its Determinations or Amended Determination by informal methods of conference, conciliation, and persuasion. These efforts were unsuccessful.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least May, 1995, Defendant Kraft has engaged in a pattern and practice of unlawful employment practices at its facility in Birmingham, Alabama, in violation of §§ 703(a)(1), 704 (a), and 707 of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), 3(a) and 2000e-6.

13. These practices include, but are not limited to, engaging in intentional discrimination against Victor T. Bates, Jimmy L. Cains, Matthew Crane, Thomas E. Engle, James Lenyard, Stephen D. Ratlif, John Reese, Stanley E. Sigers, John Steve, Oliver W. Taylor, Dedric V. Travis, Jessie D. Wilkerson, Dexter T. Williams and a class of male employees by subjecting them to sexual and sex-

based harassment and failing to take prompt remedial action intended to eliminate the harassment after Kraft became aware of the illegal behavior, all in continuing violation of Section 703(a) and Section 707 of Title VII, 42 U.S.C. §§2000e-2(a) and -6.

14. Defendant hired Edward Bailey as an employee in 1995. Soon thereafter Defendant Kraft promoted Mr. Bailey to the position of working leader or leadman.

15. As working leader or leadman, Mr. Bailey was responsible for making the daily route and truck assignments to drivers, conducted training of new employees and assigned work and overtime in the warehouse.

16. Mr. Bailey reported directly to department managers and supervisors of Defendant Kraft.

17. The department managers and supervisors to whom Mr. Bailey reported generally accepted his decisions with regard to work assignments and employee job performance.

18. The class members understood Mr. Bailey to have direct supervisory authority over them and that this authority came directly from the department managers and supervisors of Defendant Kraft.

19. From the beginning of Mr. Bailey's employment until his termination, members of the class were subjected to sexual comments, unwelcome touching, and sexually offensive gestures from Mr. Bailey. This behavior occurred on a daily basis and included conduct such as the following:

    a. Mr. Bailey would stare at the genital areas of members of the class;

    b. Mr. Bailey would speculate out loud about the size of the genitalia of members of the class;

    c.    Mr. Bailey would approach members of the class from behind, would grab their upper bodies or waist, and would simulate sexual intercourse by thrusting his body into theirs;

    d.    Mr. Bailey would grab the genitals of members of the class;

    e.    Mr. Bailey openly addressed members of the class as "horse man", "mule man", and "big dick man".

    f.    Mr. Bailey would refer to members of the class as "baby", "sugar", and "honey";

    g.    Mr. Bailey propositioned members of the class and offered money to members of the class in exchange for permitting him to perform sexual acts on said members.

    h.    On at least two occasions Mr. Bailey forcibly committed sexual acts upon members of the class.

20.    Mr. Bailey engaged in this unwelcome and sexually offensive conduct openly and each member of the class was aware of the conduct directed at other members of the class.

21.    As a result of Mr. Bailey's open and offensive conduct, various members of the class adopted practices designed to isolate them from Mr. Bailey, including locking the main bathroom door while they were using the facility so as to avoid Mr. Bailey staring at their genitals, making sexual comments to them while they used the urinals, or peering over or under the stall doors while they used the toilets.

22.    Beginning at least as early as 1997 and continuing through at least December, 2000, several members of the class, either individually or in groups, complained internally to Defendant's

managers and supervisors regarding Mr. Bailey's unwelcome and offensive sexual behavior directed toward them. These complaints were met with inaction by the managers.

23. Defendant did not conduct an investigation into the conduct of Mr. Bailey until a formal charge of discrimination was filed against it with the Commission. As a result of this belated investigation, the Defendant determined that Mr. Bailey had engaged in sexually harassing conduct in violation of Defendant's policy concerning sexual harassment in the workplace.

24. Despite this finding, Defendant allowed Mr. Bailey to return to his position as working leader or lead man over the same members of the class he had been harassing. While Defendant warned Mr. Bailey that he would be terminated if there was another breach of company policy concerning sexual harassment, Defendant did not act upon this warning.

25. Mr. Bailey returned to his sexually offensive conduct within two months of this warning. Defendant's managers and supervisor were aware of this recurrence of this sexually offensive conduct..

26. Mr. Bailey was not fired by Defendant until December 2000, nearly three years after the warning issued to him. During this three year period, Mr. Bailey continued to engage in unwelcome and sexually offensive conduct directed toward members of the class.

27. The Defendant Employer was negligent in discovering the alleged harassment and failed to take prompt and effective action to prevent and to remedy the hostile and harassing environment created by Mr. Bailey.

28. Defendant Employer failed to exercise reasonable care to prevent or correct promptly the alleged sexually harassing behavior.

29. Defendant, through both its actions and inactions, maintained a hostile work

environment involving sexual harassment that was offensive to the members of the class.

30. Defendant, through its agents, subjected members of the class to adverse terms and conditions of their employment after they rebuffed Mr. Bailey's advances, complained about Mr. Bailey's behavior, or opposed his conduct. This treatment included but was not limited to: being assigned to long, arduous delivery routes, denial of overtime opportunities, and being assigned to trucks in need of repair.

31. The practices complained of had the effect of unreasonably interfering with the work performance of members of the class by creating an intimidating, hostile, or offensive working environment and deprived the members of the class of equal employment opportunities and otherwise adversely affected their status as employees because of their sex (male).

32. As a result of Defendant's inaction, every work day members of the class feared that they would be the subject of Mr. Bailey's unwelcome sexual advances and conduct at work. This fear adversely affected the mental state of the members of the class, interfered with their abilities to perform their jobs and perpetuated the effect of Defendant's unwelcome and sexually hostile environment.

33. The unlawful employment practices complained of above comprise a pattern or practice of unlawful discrimination in violation of Title VII.

34. The unlawful employment practices complained of above were intentional, continuous, deliberate and in reckless disregard of the rights of the class.

35. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of the aggrieved parties.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex and retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for the members of the class, and which eradicate the effects of its past and present unlawful employment practices, including implementing an efficacious sexual harassment policy.

C.  Order Defendant Employer to make whole the members of the class by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to make whole the members of the class by providing compensation for past and future pecuniary losses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole the members of the class by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay punitive damages to the members of the class in an amount to be determined at trial for its malicious or reckless indifference to the federally protected rights of the members of the class.

G.  Order Defendant Employer to reinstate, with full back pay and benefits, those members of the class who were terminated in retaliation for having opposed practices made unlawful

by Title VII or who objected to the harassing conduct complained of in this Complaint.

    H.    Award the members of the class their reasonable attorneys' fees.

    I.    Grant such further relief as the Court deems necessary and proper.

    J.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

NICHOLAS M. INZEO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

_____
Charles E. Guerrier (OH No. 0023546)
Regional Attorney

_____
Mildred Byrd (LA No. 03741)
Supervisory Trial Attorney

_____
Debra Hawes Crook (ASB No. 6862R69D)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1130 22nd Street, South, Suite 2000
Birmingham, AL  35205
Telephone Number:  205-731-1380