IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>KRAFT FOODS NORTH AMERICA, INC.,<br><br>Defendant. | Civil Action No.: CV-02-B02628-S |

## DEFENDANT'S MOTION FOR TEMPORARY RELIEF FROM LOCAL RULE 26.1

Defendant Kraft Foods North America, Inc. ("Kraft") files this motion for temporary relief from the requirements of Local Rule 26.1 and in support thereof states as follows:

1. This is a an action brought by the EEOC pursuant to Title VII of the Civil Rights Act of 1964 on behalf of thirteen named individuals and similarly situated male employees as well as all "similarly situated male employees" who worked for Kraft or its predecessor, Nabisco, Inc. ("Nabisco").

2. The complaint asserts vague and undifferentiated claims on behalf of thirteen named plaintiffs and fails to serve its primary purpose of "set[ting] forth enough details so as to provide the defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery," Kraft moved on January 21, 2003 that the complaint be dismissed, or, in the alternative, that the EEOC be required to file a more definite statement.

1

3.  The EEOC submitted an opposition brief to that motion and Kraft submitted a reply brief in February 2003. Kraft's motion to dismiss, or, in the alternative, for more definite statement is pending before the Court.

4.  Based on the date that Kraft filed its Motion to Dismiss, the deadline for the parties to conduct the planning meeting is March 7, 2003 pursuant to Local Rule 26.1(d)(2), which provides that "unless otherwise ordered by the court in a particular case, the meeting must be held within 45 days from the first appearance of a defendant and at least 14 days before any scheduling conference set by the court under Fed. R. Civ. P. 16(b)."

5.  No scheduling conference has yet been set in this matter.

6.  The complaint alleges that the action is brought to pursue relief on behalf of a class of male employees, thirteen of which are named in the complaint. (Compl. ¶ 1.) Thus, the discovery in this matter will be lengthy and complex. As described in Kraft's motion to dismiss, the current version of the complaint is so vague and inartfully-worded that Kraft is unable to identify its defenses or frame an appropriate response to the allegations.

7.  A planning meeting under the circumstances would be premature because, as Kraft has argued, the EEOC should not be allowed to engage in discovery before curing the deficiencies in the complaint. If the EEOC were required to allege the claims with sufficient clarity, many of the claims of the class members would not survive the statute of limitations and other defenses which might be available to Kraft. For discovery to begin in this matter at this time would be a wasteful exercise.

8.  Permitting Kraft temporary relief from Rule 26.1 would not cause undue delay or necessarily impact the Court's management of the litigation. Depending on the Court's ruling on

the pending motion, the parties could have a more focused approach to discovery so that this case can be managed as efficiently as possible. Based on the complaint as currently worded, Kraft will be required to engage in more extensive and costly discovery than will be necessary if either of Kraft's alternative requests is granted. To require the parties to conduct a planning meeting at this time will result in an expense of time and resources that likely could be avoided if the EEOC were required to file a complaint that appropriately puts Kraft on notice of the claims against it.

9. Kraft has been advised by the plaintiff that it does not wish to join this motion.

WHEREFORE, Kraft respectfully requests that this Court grant it temporary relief from the deadline in Local Rule 26.1 to conduct a planning meeting until this Court has had sufficient time to consider and rule upon the pending motions to dismiss, or, in the alternative, for a more definite statement.

Respectfully submitted,

/s/ Charles A. Powell, III
Charles A. Powell, III
E. Barry Johnson
Heather F. Lindsay
Attorneys for defendant
Kraft Foods North America, Inc.

OF COUNSEL:

JOHNSTON BARTON PROCTOR & POWELL LLP
2900 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Ph: (205) 458-9400
Fax: 205-458-9500

## CERTIFICATE OF SERVICE

I hereby certify the above and foregoing pleading has been served on the following counsel of record, by placing a copy of the same in the United States Mail, first class postage prepaid and properly addressed on this 5th day of March, 2003.

Nicholas M. Inzeo
Gwendolyn Young Reams
Equal Employment Opportunity Commission
1801 "L" Street Northwest
Washington D.C.   20507

Charles E. Guerrier
Mildred Byrd
Debra Hawes Cook
Equal Employment Opportunity Commission
1130 22nd Street South
Suite 2000
Birmingham, Alabama  35205

_____
OF COUNSEL

4