UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>vs.<br><br>KRAFT FOODS NORTH AMERICA,<br>INC.,<br><br>    Defendant. | }<br>}<br>}<br>}<br>}<br>}  CASE NO. CV 02-B-2628-S<br>}<br>}<br>}<br>}<br>} |

**ORDER**

Currently before the court is a Motion to Enter Consent Decree and Final Judgment. The court has reviewed the Consent Decree and finds that is an appropriate resolution of the action and that the parties' motion is due to be granted. Therefore, it is hereby **ORDERED** that the attached Consent Decree be **ENTERED** as a **FINAL ORDER AND JUDGMENT** in this matter with each party to bear his or its own costs and attorneys' fees in accordance with the provisions of the Consent Decree.

**DONE** this the 16th day of June, 2003.

Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
United States District Judge



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action Number: CV-02-B-2628-S |
| vs. | ) ) ) | CONSENT DECREE |
| KRAFT FOODS NORTH AMERICA, INC., | ) ) ) ) | |
| Defendant. | ) | |

On November 25, 2002, the United States Equal Employment Opportunity Commission ("EEOC") filed suit in this Court against Kraft Foods North America, Inc. ("Kraft"). The EEOC's Complaint alleged that Kraft had discriminated against male employees of the Birmingham, Alabama facility in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Civil Rights Act of 1991.

Specifically, the EEOC alleged that Nabisco, Inc., a predecessor company subsequently acquired by Kraft, had subjected its male employees at its Birmingham, Alabama facility to sexual and sex-based harassment and that Nabisco failed to take prompt remedial action to eliminate this conduct after it became aware of the behavior. The EEOC also alleged that Kraft, through the conduct of Nabisco, retaliated against certain individuals at the Birmingham, Alabama facility who opposed this conduct.

1

Following the filing of the EEOC Complaint Kraft continued negotiations with the individuals adversely affected by the conduct alleged in the EEOC's Complaint. Each of the individuals identified by the EEOC in its Complaint are represented by separate counsel. As a result of those negotiations, Kraft has reached contingent confidential settlement agreements with the following individuals:

>   Victor Bates
>   Jimmy Lee Cains
>   Matthew Crane
>   Donald Deason
>   Thomas Engle
>   Marquis Gibbs
>   James Lenyard
>   Sherman Miller
>   Stephen Ratliff
>   John Reese
>   Phillip Sellers
>   Stanley Sigers
>   John Steve
>   Oliver Taylor
>   Dedric Travis
>   Jesse Wilkerson
>   Dexter Williams

None of these individuals have moved to intervene in this proceeding. All but one of these individuals is represented by the law firm of Whatley Drake.

While the specific terms of these agreements have not been revealed to the EEOC or to this Court, the EEOC and the Court have been advised that the amounts being paid to these individuals to settle these claims are substantial and that the individual claimants are willing to resolve their claims against Kraft on the terms set forth in these agreements. Kraft has also agreed to pay to these individuals attorney's fees and costs. Further, the Court has been advised

2

that Kraft offered to pay an additional sum of money to any individual who wished to leave the employment of Kraft as part of this settlement. Some individuals have accepted this offer, while others have not.

Each of these agreements is contingent upon Kraft reaching resolution with the EEOC as to its claim for relief.

The EEOC and Kraft have conferred and have advised the Court that they desire to resolve the instant controversy without the burden, expense, and delay of further litigation. By resolving this matter, Kraft does not admit liability as to the Plaintiff, the individuals named above, or to any employee or former employee of Kraft or Nabisco.

Now, therefore, without trial or adjudication of any issue of fact or law raised by the EEOC's Complaint, it is the finding of this Court that: 1) this Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345; 2) this Consent Decree conforms with the Federal Rules of Civil Procedure and is not in derogation of the rights and privileges of any person; and 3) the provisions of Title VII and the Civil Rights Act of 1991 will be carried out by the implementation of this Decree and this Decree is entered into pursuant to said statutes and laws.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

    1)    This Decree resolves only the factual claims asserted by the EEOC on behalf of Victor Bates, Jimmy Lee Cains, Matthew Crane, Donald Deason, Thomas Engle, Marquis Gibbs, James Lenyard, Sherman Miller, Stephen Ratliff, John Reese, Phillip Sellers, Stanley Sigers, John Steve, Oliver Taylor, Dedric Travis, Jesse Wilkerson, and Dexter Williams. The relief

3

resolved by this Decree includes all claims for damages, injunctive relief, attorney's fees and costs made by these individuals but only these individuals.

2) The claims of individuals not specifically identified in paragraph 1, if any, shall not be affected by the terms of the Decree which applies only to Kraft's Birmingham, Alabama facility.

3) Nothing in this Decree shall affect any other pending litigation or investigation between the parties unless expressly noted herein. Kraft has represented that it knows of no other individuals who have asserted claims relating to this matter other than those named above. Nothing in this Agreement shall preclude any party from bringing an action to enforce the terms of this Decree; nor shall this Decree preclude future action by the EEOC or any other person to remedy any other violations of Title VII by Defendant.

4) The Court shall retain jurisdiction to enforce this Consent Decree for purposes of insuring compliance with the Decree and entry of such further orders as may be necessary or proper to effectuate the purposes of the Decree. <u>Kokkonen v. Guardian Life Insurance Company of America</u>, 511 U.S. 375, 114 S.Ct. 1673 (1994).

5) Within thirty (30) days of the entry of this Decree, Kraft shall submit a copy of its corporate policy with regard to sexual harassment in the workplace to the EEOC.

6) Within ninety (90) days of the entry of this Decree, Kraft shall develop and institute a comprehensive training program for non-supervisory employees of its Birmingham facility. The participants in this training shall be advised that this training is

4

being provided to them as a result of the settlement of the claims made by the EEOC in this case.

This program shall cover at least the following topics:

a) general EEO information;

b) specific training on harassment issues;

c) training on the right to a workplace free of harassment, including Kraft's anti-harassment policy;

d) training on how to recognize harassment and how to respond to it;

e) training on the internal and external means for reporting harassment, including the process for filing charges with the EEOC, filing suit in court, and the filing of grievances pursuant to the collective bargaining agreement;

f) training as to the internal policies in place at Kraft to address harassment in the workplace, including the consequences to supervisors who fail to enforce or otherwise violate Kraft's anti-harassment policy.

g) training as to the consequences to supervisors and co-workers who engage in harassing conduct;

h) the protections available to employees who submit claims of workplace harassment

7) The training materials developed for use in the comprehensive training program called for by paragraph 6, above, as well as the qualifications of the individuals

5

conducting the training, shall be subject to the approval of Whatley Drake and constructive comment by the EEOC. Kraft shall submit all training materials and information about the proposed trainers to Whatley Drake and the EEOC for review thirty (30) calendar days before the scheduled training. The EEOC and Whatley Drake shall have five (5) work days in which to comment on the proposed trainers and materials and, if necessary, suggest modifications, additions, or deletions. Copies of the materials used for the training shall be maintained by Kraft for no less than four (4) years from the date of the training.

8) Within six (6) months of the entry of this Decree, Kraft shall institute a comprehensive mandatory training program for all supervisory employees at the Birmingham facility. The participants in this training shall be advised that they are being required to attend this training as a result of the settlement of the claims made by the EEOC. This training program shall cover at least the following topics:

   a) general EEO information;

   b) specific training on harassment issues;

   c) training on the right to a workplace free of harassment, including Kraft's anti-harassment policy;

   d) training on how to recognize harassment and how to respond to it;

   e) training on the internal and external means for reporting harassment, including the process for filing charges with the EEOC, filing suit in court, and the filing of grievances

6

pursuant to the collective bargaining agreement;

f) training as to the internal policies in place at Kraft to address harassment in the workplace, including the consequences to supervisors who fail to enforce or otherwise violate Kraft's anti-harassment policy;

g) the prohibition against retaliation against individuals who complain of harassment;

h) the procedure in effect to protect supervisors who report harassment from retaliation.

9) The training materials developed for use in the comprehensive training program called for by paragraph 8, above, as well as the individuals conducting the training, shall be subject to the approval of Whatley Drake. Kraft shall submit all training materials and information about the proposed trainers to Whatley Drake for review thirty (30) calendar days before the scheduled training. Whatley Drake shall have five (5) work days in which to comment on the proposed trainers and the materials and, if necessary, suggest modifications, additions, or deletions. A copy of the final training materials shall be submitted to the EEOC no later than ten (10) days after the training is conducted. Kraft shall require all supervisors who attend this training to sign an attendance sheet. Copies of such sheets, as well as the materials used for the training, shall be maintained by Kraft for no less than four (4) years from the date of the training.

10) Kraft will send to each of the individuals identified in paragraph 1 who, through counsel, request such, and to the EEOC a statement, signed by a senior

7

management official of Kraft, recognizing that they may have been offended by the alleged conduct of former Nabisco employees. This statement shall not be governed by any condition of confidentiality and there shall be no penalties imposed upon any individuals or agencies who make such statement public.

11) Kraft shall not retaliate against any person who participated in this lawsuit or in the investigation of charges which form the basis for the Complaint filed in this case.

12) Kraft shall not retaliate against any person who complains about or reports harassment in the workplace.

13) If the terms and conditions of this Decree are violated or breached, the parties may petition the Court for further Orders, adjudication and relief in this matter.

14) Except as provided in the Agreements between Kraft and the individual claimants, each Party shall bear its own costs and attorney fees.

15) Upon the entry of this Agreement, Kraft shall finalize its agreements with the individuals identified in paragraph 1, above.

| ATTORNEYS FOR PLAINTIFF: | ATTORNEYS FOR DEFENDANT: |
|---|---|
| *[signature]* | *[signature]* |
| Charles E. Guerrier (OH-0023546)<br>Regional Attorney | Charles Powell, III<br>Johnston, Barton, Proctor & Powell, L.L.P.<br>2900 AmSouth/Harbert Plaza<br>1901 Sixth Avenue North<br>Birmingham, AL 35203-2638 |
| *[signature]*<br>Mildred Byrd (LA-03741) | |

Supervisory Trial Attorney

Debra Hawes Crook (AL-6862R69D)
Senior Trial Attorney

Equal Employment Opportunity Commission
Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, Alabama 35205-2881

Andrew Allen

Whatley Drake
2323 2nd Avenue North
Birmingham, Alabama 35202-0647